United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40612
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELDA GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-946-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Nelda Garcia appeals the 135-month sentence imposed following her guilty-plea conviction of possession with the intent to distribute more than 50 grams of methamphetamine. She argues that the district court violated FED. R. CRIM. P. 32(i)(3)(B) when it did not make a specific ruling or finding on her request for a downward adjustment for having a minor role. Because the district court adopted the presentence report (PSR) and because the findings in the PSR are sufficiently clear that we are not left to second guess the basis for the sentencing decision, the district court's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adoption of the PSR satisfies the mandates of Rule 32.  See United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994). Furthermore, the district court's finding that Garcia was not a minor participant was plausible in light of the record as a whole and, thus, not clearly erroneous.  See United States v. Villanueva, 408 F.3d 193, 203-04 (5th Cir. 2005).

Garcia also argues that her sentence should not be afforded a presumption of reasonableness merely because it is within the properly-calculated guideline range.  Under this court's precedent, a sentence within a properly-calculated guidelines range, like the one here, is presumptively reasonable, United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005).  The Supreme Court has confirmed this view in Rita v. United States, No. 06-5754 (U.S. June 21, 2007).

Garcia argues that her sentence is unreasonable because the district court failed to consider or failed to give enough weight to (1) her allegedly minor role in the offense; (2) the fact that she allegedly committed the offense under duress; and (3) her history and characteristics, particularly her attempts to provide substantial assistance to the Government. As previously discussed, the district court found that Garcia was not eligible for a minor-role adjustment.  Garcia's sentence accounts for her assistance to the Government, as she was awarded a two-level adjustment under the safety valve.  The district court based its decision to sentence Garcia to the low end of the advisory range of imprisonment based

2

on the facts that this was Garcia's first offense and because Garcia felt pressured to commit the offense. Garcia has not demonstrated that her sentence is unreasonable. See Mares, 402 F.3d at 518-20.

AFFIRMED.